UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| DCD NUCAR ALNI LLC, individually and as successor by merger to DCD NUCAR ALCD LLC, and DCD RE PLAZA LANE LLC, | : : : |
| Plaintiff, | : : |
| v. | : No. 5:25-cv-4327 |
| | : |
| ROTHROCK MOTOR SALES, INC., DAVID B. ROTHROCK, individually and on behalf of THE ESTATE OF BRUCE L. ROTHROCK, SR., BRUCE L. ROTHROCK, JR, DEAN A. ROTHROCK, ROCK REAL ESTATE HOLDINGS, LLC, and ROCK REAL ESTATE FAMILY PARTNERS, LP, | : : : : : : : |
| Defendant. | : |

_____

**O R D E R**

**AND NOW**, this 16th day of December, 2025, upon consideration of Plaintiffs' Motion for Reconsideration, filed December 16, 2025, *see* ECF No. 27; and Plaintiffs' Motion for Extension of Deadline to File Amended Complaint, filed December 16, 2025, *see* ECF No. 28;

**IT IS ORDERED THAT**:

1. Plaintiffs' Motion for Reconsideration, ECF No. 27, is **DENIED.**[1]

---

[1] Plaintiffs' Motion for Reconsideration states that the Court, in its December 8, 2025, Opinion, neglected to engage with or acknowledge Plaintiffs' fraud arguments "in their Brief in Opposition" to the Motion to Dismiss. *See* ECF No. 27 at 9. The Court reiterates that, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, []undisputedly authentic documents if the complainant's claims are based upon these documents," *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010), or "a document integral to or explicitly relied upon in the complaint," *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations and italicization omitted). The Brief in Opposition to the Motion to Dismiss was certainly not attached to the complaint nor relied upon therein. To the extent Plaintiffs argue that the fraud allegations in their *Complaint* are sufficient to survive a motion to dismiss, the Court dismissed the fraud claims *without prejudice* to the extent that Plaintiffs' factual allegations in support of justifiable reliance were lacking—and granted Plaintiffs leave to amend the deficiencies therein. To the extent Plaintiffs seek to allege reliance on mid- or post-contractual representations, they may amend their pleading to state such allegations, with clarity, therein. The Court's December 8, 2025, grant of leave to amend still stands.

2. Plaintiffs' Motion for Extension of Deadline to File Amended Complaint, ECF No. 28, is **DENIED**. The deadline to file an amended complaint, as stated in the Court's Order of December 8, 2025, still stands.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge